JULIA G. BROWN *vs.* INHABITANTS OF CHESTERVILLE.

*Action. School District. R. S., c. 11, §§ 16, 41 and 63.*

A voluntary payment of another's debt by a stranger will give no right of action in the name of the payer against the debtor, nor will a mere advancement by a stranger of the sum due bar the right of action by the original creditor, or defeat a suit prosecuted in his name, and with his consent, by the payer.

Evidence of an abortive attempt to organize a school district is not of itself sufficient to rebut the presumption of the legal existence of the district arising from its exercising the privileges of a district for one year under R. S., c. 11, § 16.

Brown *v.* Chesterville.

A union school district, lying partly in Farmington and partly in Chesterville, had a school house in Farmington, and its last vote to locate their house fixed its location within that town, and the school was actually kept in Farmington, which is the oldest town; *held*, that the teacher was justified in obtaining her certificate from, and returning her register to, the superintending school committee of that town, under R. S., c. 11, §§ 41 and 63.

ON REPORT.

ASSUMPSIT to recover fifteen dollars, being three-tenths of the sum earned by the plaintiff in teaching a school in the Union School District at Farmington Falls, lying partly in Farmington and partly in Chesterville, the amount claimed being the latter town's proportion, the former having paid the thirty-five dollars belonging to that town to pay. This action was commenced before a justice of the peace in the name of the plaintiff by, and for the benefit of, one who had paid the teacher the sum here claimed, in accordance with a previous guarantee to do so, if she would keep out the school term. Mrs. Brown knew nothing about this suit till its trial before the justice, but then assented to its prosecution. The other objections to its maintenance are stated and answered in the opinion. The court was to order entry of proper judgment upon the law and facts.

*Samuel Belcher*, for the plaintiff.

*H. L. Whitcomb*, for the defendant, cited *Moody* v. *Moody*, 14 Maine, 307; *Scituate* v. *Hanover*, 9 Gray, 420. There was no such report or statement of facts as the law requires presented at the town meeting at which it was undertaken to organize this district. *School Dist.* v. *Stearns*, 48 Maine, 568; *Allen* v. *Archer*, 49 Maine, 346. If this school district had any corporate existence its only legal location of its house was in Chesterville; hence, Mrs. Brown should have obtained her certificate from, and returned her register to, that town.

WALTON, J. In 1869 the plaintiff taught a public school at Farmington Falls, in a district composed of what had formerly been school district number one in Farmington and school district

number nine in Chesterville, ten weeks at five dollars per week. Farmington's proportion of wages, thirty-five dollars, was paid to her. Chesterville's proportion, fifteen dollars, was not paid to her. This is an action against the town of Chesterville to recover the fifteen dollars. Her right to recover is resisted,—*First*, because the amount sued for has been advanced to her by a member of the school district; *Second*, because, as the defendants contend, the school district was never legally organized; *Third*, because the plaintiff obtained her certificate from and returned her register to the superintending school committee of Farmington, instead of Chesterville. In our judgment no one of these objections is sustained.

I. It is undoubtedly true that the voluntary payment of another's debt by a stranger will give no right of action in the name of the stranger against the debtor; but it is not true that a mere advancement of the money due by a stranger will bar a right of action against the debtor by the original creditor. This action is in the name of the original creditor; and the fact that she was enabled to obtain an advancement of the amount due her from an accommodating citizen, is no bar to it, the suit being prosecuted with her consent and under her authority. In fact, we are not prepared to say that the one making the advancement should not be regarded as an equitable assignee of the right of action, and entitled to the use of the plaintiff's name to recover the amount due, without her consent even. But it is unnecessary to decide this point, for she testifies that she does authorize the suit to be carried on in her name.

II. School districts, whether a part of one or more towns, that have exercised the privileges of a district for one year, are presumed to be legally organized. R. S., c. 11, § 16. It is unnecessary to determine whether this is a conclusive or a disputable presumption; for this court has already held that evidence of an abortive attempt to organize the district is not sufficient to rebut the presumption; and no other evidence is offered in this case. *Collins* v. *School District*, 52 Maine, 522. The school district in

which the plaintiff taught had then exercised the privileges of a district for more than a year; and the presumption arising from this fact, that the district was legally organized, not being repelled, we must assume, in deciding this case, that it was legally organized. The second objection to the maintenance of the suit is not therefore sustained.

III. No school teacher can recover pay, unless the register required by law is properly kept, and returned; nor unless such teacher has obtained the requisite certificate from the school committee. In the case of union districts the certificate is to be obtained from and the register returned to the superintending school committee of the town "where the school house of such district is situated, or has been located, or where the school is kept; or if there is no such school house or school," then to the committee of the oldest town from which a part of the district is taken. R. S., c. 11, § 41. It is true that this district had a school house in Chesterville. It is also true that it at one time voted to locate its school house there. But it also had a school house in the Farmington portion of the district, and its last vote was to locate the school house there; and the school was actually kept there; and Farmington was the oldest town. Under these circumstances, we think the plaintiff was justified in obtaining her certificate from, and returning her register to, the superintending school committee of the town of Farmington. The objection, therefore, that she should have obtained her certificate from the school committee of the town of Chesterville, and returned her register to them, is not sustained.                    *Judgment for plaintiff for fifteen dollars and interest from the date of her writ.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.